**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUSTAVO RIOS-GUILLEN; et al.,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-71226

Agency Nos.  A072-110-407
A072-110-404
A072-110-406

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Gustavo Rios-Guillen and his family, natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' ("BIA") order, upon a

stipulated remand from this court, denying their request for humanitarian asylum.

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

BIA's denial of humanitarian asylum. *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000). We review de novo questions of law and review for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying humanitarian asylum because Rios-Guillen's loss of his job, the resulting loss of the family's home, and the two beatings Rios-Guillen suffered at the hands of the police do not rise to the level of atrocious past persecution that would warrant a grant of humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii)(A). *See Hanna v. Keisler*, 506 F.3d 933, 939 (9th Cir. 2007) (finding past persecution not sufficient to qualify for humanitarian asylum where Iraqi applicant detained for over one month and tortured).

Further, because substantial evidence supports the BIA's determination that there had been a fundamental change in circumstances such that petitioners no longer had a well-founded fear of persecution in Mexico, it did not abuse its discretion in determining that they had not demonstrated a reasonable possibility that they may suffer other serious harm upon removal to Mexico. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(B); *Marcu v. INS*, 147 F.3d 1078, 1083 (9th Cir.1998) (finding BIA did not abuse its discretion in concluding applicant was not eligible for

humanitarian asylum where its opinion "demonstrate[d] that it heard the claim, considered the evidence, and decided against [him]").

**PETITION FOR REVIEW DENIED.**